UNITED STATES DISTRICT COURT
FOR MASSACHUSETTS

No. 2020-cv-

Antonio M. Ferreira, Petitioner

-v-

Nelson Alves, Superintendent, Respondent



**PETITION FOR A WRIT OF HABEAS CORPUS**

The petitioner, Antonio M. Ferreira, moves this Honorable Court, pursuant to 28 U.S.C. §§2241 - 2242 to issue the Writ of Habeas Corpus to release the petitioner from confinement.

As grounds therefore, due to the Corona Virus Pandemic, based on the petitioner's medical conditions, he is at risk to die each and every day.

As further grounds on May 20, 2020, the petitioner filed a Petition For A writ of Habeas Corpus with an Affidavit to support it in the State Court. At the same time the petitioner served the Respondent the County Court, Lowy, J., denied the petition without a hearing.

Petitioner appealed the denial and subsequently was denied by the Supreme Judicial Court.

Habeas                           -2-                      Ferreira

Facts

The petitioner has been incarcerated since October 2009. On April 3, 2020, the petitioner was segregated from the general population, as were all prisoners at MCI-Norfolk, because of the Corona Virus Pendemic.

The Covid-19 disease is caused by a virus, discovered in the Wuhan Province of China in the month of February 2019. The cause of the virus is called SARS-COV-2, which belongs to a family of viruses called "coronavirus," which are common in people and different animal species. The virus that caused COVID-19 is thought to spread mainly between people, when an infected person coughs or sneezes and an uninfected person breathes in the droplets that remain in the air.

People can also be infected by touching surfaces, such as door knobs and handles, that have been exposed to the virus and then touching their eyes, mouth or nose.

Older people and those with pre-existing medical conditions are more vulnerable than others.

Currently, there is no cure or vaccine for Covid-19. The petitioner has been diagnosed with a pre-existing medical permanent illness of complications of cirrhosis of the liver resulting from contracting Schistosomiasis, including but not limited to esophageal varices and mesenteric vein thrombosis requiring bowel resection for which the petitioner remains on chronic anticoagulation.

The original jurisdiction for the State petition was G.L. c. 248 §2. The venue is unchallenged as petitioner is living incarcerated in Norfolk County where the threat is imminent. 28 U.S.C. §2241(d), Eagle v. Linahan, 279 F.3d 926, 933 1n.91 (11th Cir. 2001); Commonwealth v. Moore, 36 Mass. 339, 340 (1837)

## Argument

The petitioner will be 50 years old in November. Based on the daily and instant threat of contracting the Coronoa Virus from untested, asymptomatic State employees, including administrators, correctional officers, and civilians, the petitioner need not

wait until he suffers actual harm to avoid the substantial risk of death due to the conditions of his newly enforced confinement. Good v. Comm'r of Correction, 417 Mass. 329, 336 (1994); Castro v. v. United States, 540 U.S. 375, 386 (2003)

These grounds are distinct from a 28 U.S.C. 2254 petition which challenges the petitioner's conviction. The petitioner has alerted the State's highest Court that his continued incarceration violates the Constitution. Duncan v. Henry, 513 U.S. 364, 365-366 (1995)

Federal Claims

Contracting the Covid-19 disease, then as a hospitalized patient, with the petitioner's liver and other internal diseases, will put significant restrints on his personal liberty, leading to death, which is not a part of the petitioner's sentence and would be cruel and unusual punishment.

In Farmer v. Brennan 511 U.S. 825, 828 (1994), the Supreme Court, in deciding whether there was a "substantial risk of serious harm," where a prison

Habeas -5- Ferreira

official such as the Superintendent of MCT-Norfolk, disregarded that risk, is liable under the Eighth Amendment, through the application of 28 U.S.C. §2241-§2242. Certainly, death via the Corona Virus is objectively, "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 298 (1991)

For this petition, the Court may not consider that the petitioner is a convicted prisoner at MCT-Norfolk. It is just that he is "in custody," for Habeas Corpus purposes. Spencer v. Kemna, 523 U.S. 1, 7 (1998) This District Court must find it is unnecessary to inflict psychological torture onto the petitioner, with his imminent demise from the exposure of the Covid-19, from a state employee, entering his 6-foot space, transmitting the disease, especially from an asymptomatic stance, which surely would cause the petitioner's death. Wilson, 501 U.S. at 297.

In Helling v. McKinney, 509 U.S. 25 (1993) the Supreme Court held that the (Superintendent) has the corresponding duty (besides holding him

against his will) to assume responsibility for his safety and well-being. In the throes of the Pandemic, the petitioner is unable to care for himself in prison. If the Habeas Corpuse petition is allowed, the petitioner would live in his home town of Belo Horizonte, Brazil, or with his sister in South Carolina, and sheltering in place.

In McKinney, it is the risk of serious health ramifications of exposure to cigarette smoke, called environmental Tobacco Smoke (ETS).

The Respondent (and here, the U.S. District Court) may not ignore a condition of confinement that is sure, or very highly likely to cause death to the petitioner. Hutto v. Finney, 437 U.S. 678, 682 (1978)

Evidentiary Hearing

The Supreme Judicial Court did not conduct an evidentiary hearing to settle any disputes in the case presented to them. This resulted in the complete abrogation of clearly established Federal law under Habeas Corpus.

See, Pike v. Guarino, 492 F.3d 61, 69 (1st Cir. 2007)(Where petitioner presented extensive evidence in the State Court, he is entitled to an evidentiary hearing)

See also, Drake v. Portuondo, 321 F.3d 338, 347 (2nd Cir. 2003)(Petitioner entitled to evidentiary hearing because he diligently sought to develop the factual basis underlying his Habeas petition - but was prevented by the State Court from doing so): Rolan v. Vaughn, 445 F.3d 671, 680 (3rd Cir. 2006)(Same); Conaway v. Polk, 453 F.3d 567, 590 (4th Cir. 2000)(Same); McDonald v. Johnson, 139 F.3d 1056, 1059 (5th Cir. 1998)(Same)

Exhaustion

The petitioner presented the substance of his claim to the State Court, giving the State the opportunity to apply controlling Federal legal principles to the facts bearing on his Constitutional claims. Picard v. Connor, 404 U.S. 270, 272 (1971); Fortini v. Murphy, 257 F.3d 39, 45 (1st Cir. 2001)

## Conclusion

For the reasons stated above, in fact and law [See, Appendices 1-19], the Writ of Habeas Corpus should issue for the Respondent to immediately release the petitioner, or, in the alternative, conduct an evidentiary hearing on the matters presented herein.

September 2, 2020                    Respectfully submitted,

                                     Antonio M. Ferreira, Pro Se
                                     Box 43,
                                     Norfolk, MA 02056