UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANTONIO M. FERREIRA, Petitioner, | * | |
| v. | * | Civil Action No. 20-cv-11638-ADB |
| NELSON B. ALVES, Respondent. | * | |

**MEMORANDUM AND ORDER ON RESPONDENT'S MOTION TO DISMISS**

BURROUGHS, D.J.

Petitioner Antonio M. Ferreira, who is proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking release from prison based on the risk posed to him by the COVID-19 pandemic in light of his medical conditions. [ECF No. 1]. Currently before the Court is Respondent Nelson B. Alves' ("Respondent") motion to dismiss. [ECF No. 8]. For the reasons set forth below, Respondent's motion is DENIED with leave to renew.

## I. BACKGROUND

Ferreira was convicted of murder in Massachusetts state court and is currently incarcerated at MCI-Norfolk, a Massachusetts state prison. [ECF No. 1 at 2; ECF No. 1-1 at 2]. He is a fifty-year-old Brazilian national with multiple medical conditions, including cirrhosis of the liver, kidney stones, arthritis, blood clots, and hypertension. See [ECF No. 1-1 at 2].

On May 2020, Ferreira filed a petition for a writ of habeas corpus with the Massachusetts Supreme Judicial Court ("SJC"). [ECF No. 1-1 at 1]. His petition read as follows:

> Now comes the petitioner, Antonio Marcos Ferreira, appearing Pro Se, having been aggrieved by the risk of death in his incarceration, pursuant to G.L. c. 248 § 1(a), in the Supreme Judicial Court, petitions the Court to release him from prison.

> As grounds therefore, the petitioner presents the Affidavit of Antonio M. Ferreira, which delineates if forced to continue to be imprisoned, and is afflicted with Covid-19 (coronavirus), based on his medical condition(s), death is certain.
>
> WHEREFORE, the petitioner prays this Honorable Court allow his immediate release from prison.

[Id.].[1] He attached a one-page affidavit, describing his medical conditions, to his petition. [Id. at 2]. On June 10, 2020, Justice Lowy, acting as a single justice, denied Ferreira's petition. [ECF No. 1-1 at 3]. Justice Lowy's order read as follows:

> This matter came before the Court, Lowy, J., on the petitioner/defendant Antonio Marcos Ferreira's pro se petition pursuant to G.L. c. 211, § 3.
>
> Relief under G.L. c. 211, § 3, is available only under exceptional circumstances, and generally is not available where there are alternative remedies. The petitioner has not demonstrated that such extraordinary relief is appropriate here.
>
> Upon consideration thereof, it is ORDERED that the petition be, and the same hereby is, denied without hearing.

---

[1] Massachusetts General Laws Chapter 248, § 1 provides:

> Whoever is imprisoned or restrained of his liberty may, as of right and of course, prosecute a writ of habeas corpus, according to this chapter, to obtain release from such imprisonment or restraint, if it proves to be unlawful, unless—
>
> First, He has been committed for treason or felony, or on suspicion thereof, or as accessory before the fact to a felony, and the cause has been plainly expressed in the warrant of commitment.
>
> Second, He has been convicted or is in execution upon legal process, civil or criminal.
>
> Third, He has been committed on mesne process in a civil action in which he was liable to arrest and imprisonment, unless excessive and unreasonable bail was required.

Mass. Gen. Laws ch. 248, § 1. The next section states that "[t]he writ may be issued, irrespective of the county in which the person is imprisoned or restrained, by the supreme judicial or the superior court, by a probate or a district court or by a judge of any of said courts." Mass. Gen. Laws ch. 248, § 2.

[Id. (citations omitted)].[2] On June 18, 2020, Ferreira appealed the SJC's ruling, styling his appellate brief as one regarding "whether the County Court mischaracterized [his] petition for habeas corpus under G.L. c. 248 as a petition for superintendence pursuant to G.L. c. 211 § 3," and noting that his petition had been "presented under G.L. c. 248 § 1" but relabeled by Justice Lowy as a petition under G.L. c. 211 § 3. [Id. at 5, 10]. In that brief, he described COVID-19 and his medical conditions and argued that his continued incarceration would be "cruel and unusual punishment," citing multiple United States Supreme Court cases discussing the Eighth Amendment. [Id. at 10–18]. On August 13, 2020, the full SJC affirmed Justice Lowy's order. [ECF No. 8-3]. The SJC's order read as follows:

> The petitioner, Antonio Marcos Ferreira, appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We affirm.
>
> Ferreira was convicted of murder in the first degree in 2012, and we affirmed his conviction. In May 2020, he filed, in the county court, a "petition for a writ of habeas corpus," in which he sought release from prison on the basis of the COVID-19 pandemic. The single justice treated the petition as having been filed pursuant to G. L. c. 211, § 3, and denied it without a hearing.
>
> Ferreira has now filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, but that rule does not apply in this situation because Ferreira is not challenging any interlocutory ruling of the trial court. Indeed, he is not challenging any ruling of the trial court at all. As best we can tell from the very limited record before us, Ferreira has not sought relief in the trial court; rather, he simply filed his petition for relief directly in the county court. The one-page petition that Ferreira filed in the county court stated, summarily, that he should be released in light of the COVID-19 pandemic on the basis of his medical conditions. Although he included a brief medical assessment from the medical

---

[2] Massachusetts General Laws Chapter 211, § 3 provides in relevant part:

> The supreme judicial court shall have general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein if no other remedy is expressly provided; and it may issue all writs and processes to such courts and to corporations and individuals which may be necessary to the furtherance of justice and to the regular execution of the laws.

Mass. Gen. Laws. ch. 211, § 3.

> director of the prison in which he is incarcerated, he provided no legal argument whatsoever. The single justice did not err or abuse his discretion in denying relief.

[Id. (citations omitted)].

On September 2, 2020, Ferreira filed a petition for a writ of habeas corpus in this Court. [ECF No. 1]. On September 25, 2020, Respondent filed a motion to dismiss, [ECF No. 8], which Ferreira opposed on October 19, 2020, [ECF No. 13].

## II. DISCUSSION

Respondent argues that Ferreira did not adequately present his federal constitutional claim to the SJC and that the petition should be dismissed on that basis. [ECF No. 9 at 4–8]. Ferreira maintains that he did, in fact, present his claim to the SJC and that the Court should therefore adjudicate the merits of his petition. [ECF No. 13 at 2, 4].

With limited exceptions that are inapplicable here, a petitioner invoking § 2241 must exhaust state court remedies before seeking habeas relief in federal court.[3] Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) ("In recognition of the state courts' important role in protecting constitutional rights, the exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application."); Bancroft v. Massachusetts, 525 F. Supp. 2d 237, 241 (D. Mass. 2007) ("[A]s with section 2254, exhaustion of state remedies is a requirement for section 2241 relief . . . ."). "To achieve exhaustion, 'a habeas petitioner bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of [his] federal claim.'" Coningford v.

[3] For instance, a petitioner need not exhaust claims for double jeopardy or denial of a speedy trial. See In re Justices of the Super. Ct. Dep't of Mass., 218 F.3d 11, 17 n.5 (1st Cir. 2000) (explaining exceptions).

Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011) (quoting Adelson, 131 F.3d at 262). The First Circuit has identified at least five ways in which a habeas petitioner can satisfy his burden: "reliance on a specific provision of the Constitution, substantive and conspicuous presentation of a federal constitutional claim, on-point citation to federal constitutional precedents, identification of a particular right specifically guaranteed by the Constitution, and assertion of a state-law claim that is functionally identical to a federal constitutional claim." Id. (citing Scarpa v. Dubois, 38 F.3d 1, 6 (1st Cir. 1994)). In assessing whether a petitioner has fairly presented a federal claim, the "appropriate focus, therefore, centers on the likelihood that the presentation in state court alerted that tribunal to the claim's federal quality and approximate contours." Nadworny v. Fair, 872 F.2d 1093, 1098 (1st Cir. 1989).

The Court finds that Ferreira has exhausted his state court remedies. In his SJC brief, appealing Justice Lowy's adverse decision, he cited the Eighth Amendment to the U.S. Constitution, argued that further incarceration would constitute cruel and unusual punishment, and relied on a number of United States Supreme Court cases discussing the Eighth Amendment in the context of prison conditions. [ECF No. 1-1 at 14–16]. Thus, at least two of the satisfactory methods of presentment, "reliance on a specific provision of the Constitution" and "on-point citation to federal constitutional precedents," Coningford, 640 F.3d at 482, are present here. Under these circumstances, the Court finds that, in all probability, Ferreira's SJC brief "alerted [the SJC] to [his] claim's federal quality and approximate contours." Nadworny, 872 at 1098. The fact that Justice Lowy elected to construe Ferreira's initial petition as a request for relief under Chapter 211, § 3,[4] see [ECF No. 1-1 at 3], and the SJC declined to specifically

[4] The Court notes that Justice Lowy provided no explanation as to why he considered Ferreira's petition under Chapter 211, § 3 as opposed Chapter 248, § 1, see [ECF No. 1-1 at 3],

address Ferreira's constitutional claim, see [ECF No. 8-3 at 1], does not mean that Ferreira has failed to exhaust. Further, neither Justice Lowy nor the SJC clearly pointed Ferreira to another, more appropriate procedural mechanism for asserting his claim, see [ECF No. 1-1 at 3; ECF No. 8-3 at 1], which suggests that the SJC viewed his claim as substantively meritless as opposed to merely procedurally deficient.[5] Thus, the Court finds that Ferreira has exhausted his state court remedies and that his petition is properly before the Court.

Because Respondent moved to dismiss based solely on a failure-to-exhaust argument—and neither party addressed the merits of Ferreira's petition—the Court will permit Respondent to renew his motion to dismiss, asserting other grounds for dismissal, if he wishes.[6] Further, if conditions at MCI-Norfolk have improved since September 2020, or if he has been vaccinated, the Court encourages Ferreira to consider voluntarily dismissing his petition. Finally, as to Ferreira's request for an evidentiary hearing, [ECF No. 13 at 15], the Court declines to convene a hearing at this time. If, at a later date, the Court determines that a hearing is warranted, it will hold one.

---

notwithstanding the fact that Ferreira's petition clearly indicated that he was seeking relief under the latter, see [id. at 1]. Nor did the SJC discuss this in its subsequent affirmance. See [ECF No. 8-3 at 1].

[5] The cases that Respondent cites in which other inmates used other state law procedural vehicles to seek relief under similar circumstances, see [ECF No. 9 at 5], are inapposite because none deal with a petitioner who had already presented a claim to the SJC. The fact that Ferreira may have been able to seek relief in other ways does not necessarily mean that he has not adequately exhausted his state court remedies. Notably, Respondent does not appear to take the position that Ferreira was precluded by law from filing a petition under Chapter 248, § 1 directly with the SJC.

[6] In his motion, he specifically reserved his rights to make merits-based arguments in a future filing. [ECF No. 9 at 1 n.1].

## III. CONCLUSION

For the reasons set forth above, Respondent's motion to dismiss, [ECF No. 8], is DENIED with leave to renew. If Respondent wishes to file a new motion to dismiss, he should notify the Court of his intention to do so no more than five (5) days after the entry of this Order, at which point the Court will set a briefing schedule.

**SO ORDERED.**

March 16, 2021

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE