UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANTONIO M. FERREIRA, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 20-cv-11638-ADB |
| | * | |
| NELSON B. ALVES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Petitioner Antonio M. Ferreira, who is proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking release from prison based on the risk posed to him by the COVID-19 pandemic in light of his medical conditions. [ECF No. 1]. For the reasons set forth below, the petition is DENIED.

**I.      BACKGROUND**

Ferreira was convicted of murder in Massachusetts state court and is currently incarcerated at MCI-Norfolk, a Massachusetts state prison. [ECF No. 1 at 2; ECF No. 1-1 at 2]. He is a fifty-year-old Brazilian national with multiple medical conditions, including cirrhosis of the liver, kidney stones, arthritis, blood clots, and hypertension. See [ECF No. 1-1 at 2].

On September 2, 2020, Ferreira filed his petition for habeas relief under § 2241, asserting that because of his underlying medical conditions and the COVID-19 pandemic, his continued incarceration constitutes "cruel and unusual punishment" in violation of the Eighth Amendment

to the United States Constitution.[1]  See [ECF No. 1].  On September 25, 2020, Respondent Nelson B. Alves ("Respondent") moved to dismiss, arguing that Ferreira had failed to exhaust his state court remedies.  [ECF No. 8].  Ferreira opposed the motion on October 19, 2020.  [ECF No. 13].  On March 16, 2021, the Court denied Respondent's motion.  [ECF No. 14].  The Court found that Ferreira had exhausted his state court remedies but permitted Respondent to assert different grounds for dismissal.  [Id. at 6].  Thereafter, Respondent proposed a briefing schedule, [ECF No. 15], which the Court approved, [ECF Nos. 16, 17].  Ferreira filed a brief in support of his petition on April 16, 2021, [ECF No. 19], Respondent opposed on May 14, 2021, [ECF No. 20], and Ferreira filed a reply on June 10, 2021, [ECF No. 24].

II.     **DISCUSSION**

The precise contours of Ferreira's argument are unclear.  To the extent that he asserts that imprisoning anyone with underlying medical conditions during the COVID-19 pandemic is cruel and unusual punishment, that argument fails.  There is no statutory or constitutional basis for finding that all prisoners must be released from custody solely because of the prevalence of a contagious disease or even a pandemic.

Ferreira's only remaining potentially meritorious argument, then, is that there is something specific about his incarceration at MCI-Norfolk that renders it cruel and unusual.  His factual allegations, however, preclude such an argument.  First, and most importantly, Ferreira himself acknowledges, and the Court independently understands, that "prisoners at Norfolk have been (twice) vaccinated with the M[o]derna Vaccine."  [ECF No. 24 at 2].  Given the efficacy rate of the Moderna vaccine and the fact that it was made available to Ferreira, there is no

---

[1] In relevant part, 28 U.S.C. § 2241 provides that a writ of habeas corpus is available to prisoners "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

cognizable basis for a COVID-based cruel and unusual punishment argument.  If Ferreira is

fearful of contracting COVID, he should get vaccinated (if he has not already done so).[2]  Second,

even if the availability of the vaccine were not dispositive, Ferreira's claim would still fail.  To

prevail on an Eighth Amendment claim premised on inadequate medical care, a plaintiff must

demonstrate a deliberate indifference to his serious medical needs.  See Abernathy v. Anderson,

984 F.3d 1, 6 (1st Cir. 2020) ("[T]he Eighth Amendment is not violated unless prison

administrators also exhibit deliberate indifference to the prisoner's needs. . . . This prong can

also be met by showing a wanton disregard to a prisoner's needs . . . akin to criminal

recklessness, requiring consciousness of impending harm, easily preventable." (second ellipsis in

original) (internal quotation marks omitted)); Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484,

497 (1st Cir. 2011) ("The failure of correctional officials to provide inmates with adequate

medical care may offend the Eighth Amendment if their 'acts or omissions [are] sufficiently

harmful to evidence deliberate indifference to serious medical needs.'" (alteration in original)

(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976))).  Here, Ferreira has not alleged any

deliberate indifference on the part of anyone at MCI-Norfolk.  He does not, for instance,

maintain that (1) his existing medical issues have gone untreated,[3] (2) the prison has failed to

take measures designed to prevent the spread of the virus,[4] (3) unvaccinated prison employees do

---

[2] The Court notes that Ferreira does not seem to indicate, one way or the other, whether he has been vaccinated.  Nor does he cite any religious objection or medical reason for choosing to forgo a vaccine.

[3] In fact, he specifically notes that the state has already spent $100,000 to address his medical conditions, [ECF No. 19 at 17–18], and that his liver disease, his most severe issue, is being treated, [ECF No. 24 at 1].

[4] To the contrary, Ferreira averred in his initial petition that he "was segregated from the general population, as were all prisoners at MCI-Norfolk, because of the [COVID-19] Pandemic."  [ECF No. 1 at 2].  Further, his more recent filings also suggest that the prison is taking appropriate

not wear masks or exercise social distancing, or (4) prisoners who contracted COVID-19 have received anything less than adequate treatment.  At most, he avers that the prison does "not test employees routinely for Covid-19 [or] monitor vaccinations."  [ECF No. 24 at 2].  That is not enough to prevail on an Eighth Amendment claim.[5]

**III.      CONCLUSION**

For the reasons set forth above, Ferreira's petition, [ECF No. 1], is <u>DENIED</u>.

**SO ORDERED.**

July 26, 2021                                                  /s/ Allison D. Burroughs
                                                                      ALLISON D. BURROUGHS
                                                                      U.S. DISTRICT JUDGE

---

measures to keep its inmates safe.  <u>See</u> [ECF No. 19 at 11 (noting that "two Housing Units are <u>now</u> on quarantine")].

[5] In an ideal world, MCI-Norfolk would require its employees to be vaccinated and test them regularly.  Nevertheless, failing to do so is not a constitutional violation.